**UNITED STATES DISTRICT COURT**      **EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| LUTHER KENNETH GARNER, § | |
| § | |
| Petitioner, § | |
| § | |
| versus § | CIVIL ACTION NO. 1:15-CV-103 |
| § | |
| DIRECTOR, TDCJ-ID, § | |
| § | |
| Respondent. § | |

# MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Luther Kenneth Garner, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of the court.

The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The magistrate judge recommends the petition be dismissed as barred by the applicable statute of limitations.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner asserts he should be excused from compliance with the applicable statute of limitations because he is actually innocent. In *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), the Supreme Court that actual innocence may provide a "gateway" for consideration of otherwise

time-barred claims. An actual innocence claim requires a petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). However, it is not the mere allegation of actual innocence that will open such a "gateway." Instead, a petitioner seeking to avoid a limitations bar must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial. *McQuiggin*, 133 S.Ct. at 1936. In other words, an "actual innocence" exception to the limitations bar will only be found if the evidence presented by the petitioner convinces the court that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id*. at 1933.

Petitioner has failed to satisfy the standard established in *McQuiggin*. Petitioner argues that his constitutional rights were violated during the criminal proceedings against him. However, he has neither presented nor described any new reliable evidence demonstrating he is innocent of the crime for which he was convicted. Accordingly, he may not avoid the statutory limitations bar.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered dismissing the petition.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a final judgment denying habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate

of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his claims are barred by the applicable statute of limitations is subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Sherman, Texas, this 16th day of June, 2015.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE